# M. TERESA DALEY LAW OFFICES, P.C.

520 Eighth Avenue, 24th Floor
New York, New York 10018
Phone: 212-560-3943   Fax: 917-351-0983
e-mail address:   alawrence@newmarkkf.com

M. Teresa Daley

---------

Andrea J. Lawrence
  Of Counsel

October 27, 2010

Via e-mail at
scc.chambers@nysb.uscourts.gov

Honorable Shelley C. Chapman
United States Bankruptcy Court
Southern District of New York
One Bowling Green – Courtroom 610
New York, New York 10004

      Re:    In re 2626 BWAY LLC
               Docket No.: 10-14731 (SCC)

Dear Judge Chapman:

     We represent Broadway Metro Associates L.P. ("Broadway Metro"), a creditor of 2626 BWAY LLC ("Debtor") as well as its landlord at the building located at 2626 Broadway, New York, New York. We write to request a teleconference to address Debtor's willful refusal to provide Broadway Metro with access to the building for the purpose of conducting an inspection in accordance with the lease agreement between the parties. A copy of the relevant lease provision (Article 31) is annexed as **Exhibit 1**.

     On October 14, 2010, this office sent a letter to Debtor's counsel requesting, among others, that Debtor provide Broadway Metro with access to the building on October 27, 2010 between 10:00 a.m. to 12:00 p.m. for the purpose of permitting Broadway Metro to inspect the building with its engineer. In our letter, we further requested that on the designated inspection date, the building should have lighting, both for safety purposes and to enable Broadway Metro and its engineer to photograph the interior of the building. A copy of this letter is annexed as **Exhibit 2**. A follow up telephone call with Debtor's counsel on October 21, 2010 confirmed that access would be forthcoming.

     On October 25, 2010, I contacted Debtor's counsel by email to re-confirm the scheduled inspection for October 27, 2010 and that the building would have electricity on that date. A copy of this email is annexed as **Exhibit 3**. The following day, Debtor's counsel advised me -- for the first time and nearly two weeks since it received the request for access -- that Debtor could not

Judge Chapman
Page 2

accommodate Broadway Metro at the requested time and that the building lacked electricity (a serious code violation). Debtor's counsel advised that Debtor could provide power to the building through a back-up generator; however, it was possible that the generator would not be operational on the day of the inspection. Debtor's counsel subsequently advised us that Debtor did not intend to permit Broadway Metro to take photographs of the interior of the building, notwithstanding the fact that Broadway Metro's ability to photograph the building interior is an integral component of the inspection and permitted by Article 31 of the lease. A copy of the email exchange between this office and Debtor's counsel addressing these disputed issues is annexed as **Exhibit 4**. In an effort to resolve this dispute, I placed several telephone calls throughout the day to Debtor's counsel, which went unanswered. After the close of business on October 26, 2010, Broadway Metro was compelled to cancel the inspection.

Accordingly, Broadway Metro requests a teleconference with this Court to address the issue of the Debtor's willful refusal to provide access to the Building, and to schedule a new inspection on Wednesday, November 3, 2010 between 10:00 a.m. to 12:00 p.m. with adequate assurances from Debtor that electricity will be restored to the building by the date of the inspection and that the building will be safe and fit for the inspection. We are available for the teleconference on Thursday, October 28, 2010 at any time before 1:30 p.m. and all day on Friday, October 29, 2010.

Respectfully,

Andrea J. Lawrence, Esq.

cc:   Robert Sasloff, Esq. (via email and first class mail)
      M. Teresa Daley, Esq.

**Exhibit 1**

# LEASE

dated September 1, 2006

between

Broadway Metro Associates, LP

as Landlord

and

2626 BWAY LLC

as Tenant

Affecting premises commonly known as the Broadway Metro Twin Theater, located at 2624-2626 Broadway, in the City, County and State of New York.

---

Prepared by
Howard W. Segal, P.C.
845 Third Avenue, Suite 1740
New York, New York 10022

(f) Nothing contained herein or otherwise shall limit the rights and remedies which the Landlord has, or may have, at law or in equity insider this Lease or otherwise,

Tenant may at any time mortgage encumber, pledge or assign as security its right, title and interest in and to the leasehold estate created hereby. Tenant may at any time give to Landlord a notice (the "Leasehold Mortgage Notice") containing the name and address of any such leasehold mortgagee. Provided such Leasehold Mortgage Notice has been given, whenever Landlord shall give any notice to Tenant pursuant to this Lease, Landlord shall also give to any leasehold mortgage lender a duplicate copy of such notice addressed as requested in the Leasehold Mortgage Notice. Notwithstanding the foregoing, Landlord shall not be required to establish, as a condition of enforcing its rights under this Lease, that the leasehold mortgage holder has actually received any such copy of a notice. Any such leasehold mortgage holder shall, within the applicable cure period have the right to cure or remedy any default or breach of covenant under the Lease. A leasehold mortgage holder may, at any time permitted under its loan documents, foreclose or otherwise realize upon its lien on the leasehold estate created hereby and Landlord will recognize such leasehold mortgage holder as the Tenant hereunder with all of the rights and estate of Tenant, provided: (i) such leasehold mortgage holder assumes in writing and agrees to be bound by all of the term, covenants and conditions of this Lease and (ii) nothing contained herein shall limit, release or waive any claim or continuing liability Landlord may have against Tenant.

### 30. Subordination and Attornment

30.1: This Lease, and all rights of Tenant hereunder, are and shall be subject and subordinate in all respects to all mortgages which are now or may hereafter affect the Demised Premises, whether or not such mortgages shall also cover other lands or buildings, to each and every advance made or hereafter to be made under such mortgages and to all renewals, modifications, replacements, spreaders, consolidations and extensions of such mortgages. The provisions of this Article 30 shall be self-operative and no further instrument of subordination and/or attornment shall be required. In confirmation of such subordination and/or attornment, Tenant promptly shall execute and deliver at Tenant's expense any instrument that Landlord or the holder of any such mortgage may reasonably request to evidence such subordination and/or attornment; and Tenant hereby irrevocably constitutes and appoints Landlord as Tenant's attorney-in-fact, coupled with an interest, to execute, acknowledge and deliver any such instruments for and on behalf of Tenant. Anything to the contrary herein notwithstanding, the Tenant shall not subordinate to any mortgage and Landlord and any current or future mortgagee shall execute a Subordination and Non-Disturbance Agreement reasonably acceptable to Tenant, mortgagee and Tenant's leasehold mortgagee, if any, and shall agree to appropriate notices in its rights to cure.

### 31. Entry by Landlord

31.1: Landlord and the authorized representatives of Landlord shall have the right on two days reasonable notice (except in the event of an emergency) to enter the Demised Premises at all reasonable times, but, except in the event of an emergency, for the purpose of

26

inspecting the same or for the purpose of doing any work permitted to be done by Landlord under this Lease, and to take all such actions thereon as may be necessary or appropriate for any other purpose. Nothing contained in this Lease shall create or imply any duty on the part of Landlord to make any such inspection or do any such act. Landlord and representatives of Landlord shall have the right to enter the Demised Premises at all reasonable times for the purpose of showing the Demised Premises to prospective purchasers or mortgagees, and at any time during the twelve month period preceding the expiration or termination of this Lease for the purpose of showing the same to prospective tenants, and within said period to display on the Demised Premises advertisements for sale or letting if such advertisements do not interfere unreasonably with the business then conducted on the Demised Premises. No such entry shall constitute an eviction of Tenant.

### 32. Conveyance by Landlord

32.1: If the original or any successor Landlord shall convey or otherwise dispose of the Land and Improvements, Landlord shall thereupon be released from all obligations and liabilities of Landlord under this Lease (except those accruing prior to such conveyance or other disposition), and such obligations and liabilities shall be binding solely on the then owner of the Land and Improvements.

32.2: In any action brought to enforce the obligations or liabilities of Landlord under this Lease, any judgment or decree shall be enforceable against Landlord only to the extent of Landlord's interest in the Land and Improvements, and no such judgment shall be the basis of execution on, or be a lien on, assets of Landlord other that Landlord's interest in the Land and Improvements.

### 33. No Merger of Title

33.1: There shall be no merger of the leasehold estate created by this Lease with the fee estate in the Demised Premises by reason of the fact that the same person may own or hold (a) the leasehold estate created by this Lease or any interest therein, and (b) the fee estate in the Demised Premises or any interest in such fee estate. No such merger shall occur unless and until all persons having any interest in the leasehold estate created by this Lease, and in the fee estate in the Demised Premises, shall join in a written instrument effecting such merger and shall duly record the same.

### 34. Acceptance of Surrender

34.1: No modification, termination or surrender of this Lease or surrender of the Demised Premises or any part thereof or of any interest therein by Tenant shall be valid or effective unless agreed to and accepted in writing by Landlord, and no act by any representative

27

**Exhibit 2**

# M. TERESA DALEY LAW OFFICES, P.C.

520 Eighth Avenue, 24th Floor
New York, New York 10018
Phone: 212-560-3943    Fax: 917-351-0983
e-mail address: alawrence@newmarkkf.com

M. Teresa Daley

---------

Andrea J. Lawrence
Of Counsel

October 14, 2010

Via Facsimile (212) 956-2164
and E-Mail

Robert M. Sasloff, Esq.
Robinson Brog Leinwand Greene Genovese & Gluck P.C.
875 Third Avenue – 9th Floor
New York, New York 10022

    Re:    In re 2626 BWAY LLC
           Docket No.: 10-14731 (SCC)

Dear Mr. Sasloff:

    In furtherance of my letter dated today, Broadway Metro Associates L.P. ("Broadway Metro") will also need access to the building on **October 27, 2010** between 10:00 a.m. to 2:00 p.m. to inspect the building with its engineer. Again, please advise your client to ensure that the building has adequate lighting on this day for safety purposes and to enable Broadway Metro and its engineer to take photographs of the interior of the building.

    Also, with respect to the access requested on **October 29, 2010**, please note that such access has been requested by the New York City Water Department for the purpose of inspecting the building and the water meter. The inspection will take place between 9:00 a.m. to 5:00 p.m. Although Broadway Metro will not be present at this inspection, it is mandatory that the Debtor provides access to the New York City Water Department for the requested purpose. If the Debtor does not provide the New York City Water Department with access to the building, it will incur a fine.

                              Sincerely,

                              Andrea J. Lawrence, Esq.

**Exhibit 3**

## Lawrence, Andrea

**From:** Lawrence, Andrea
**Sent:** Monday, October 25, 2010 2:59 PM
**To:** 'Robert M. Sasloff'
**Cc:** Daley, Terry
**Subject:** In re 2626 BWAY

I am confirming that access to the building will be provided to our client on Wednesday, October 27, 2010 (between 10 am – 2 pm) and to the New York City Water Department on Friday, October 29, 2010 (between 9 am – 5 pm). Please confirm by return email that the building will have electricity on these dates.

Andrea J. Lawrence, Esq.
Counsel
M.Teresa Daley Law Offices, P.C.
520 Eighth Avenue, 24th Floor
New York, New York 10018
(212) 560-3943 (direct)
alawrence@newmarkkf.com

10/27/2010

**Exhibit 4**

## Lawrence, Andrea

**From:** Lawrence, Andrea
**Sent:** Tuesday, October 26, 2010 5:57 PM
**To:** 'rms@robinsonbrog.com'
**Cc:** Daley, Terry; 'nysouto@gmail.com'; 'amg@robinsonbrog.com'; 'rrl@robinsonbrog.com'
**Subject:** Re: In re 2626 BWAY

Believe it or not, this is not our only case either, yet we managed to respond to all of your emails in a timely fashion. We would have expected the same from you in light of the impending inspection, which you have known about for nearly two weeks.

Our client canceled the inspection based upon your client's ridiculous demands and interpretation of the lease. Our client will not conduct a site inspection unless photographs are permitted, notwithstanding your unsolicited advice to "worry about pictures later."

Tell your client to stop playing games. Unless you provide me with written confirmation (tonight) that access will be provided next Wednesday between 10 am - 12 pm, with full lighting in the building, no hazardous fumes and that our client and engineer will have the unfettered right to take pictures, we will be contacting the court tomorrow morning.
Andrea J. Lawrence, Esq.
520 8th Avenue
Suite 2400
New York, New York 10018
alawrence@newmarkkf.com

---

**From:** Robert M. Sasloff [mailto:rms@robinsonbrog.com]
**Sent:** Tuesday, October 26, 2010 05:23 PM
**To:** Lawrence, Andrea
**Cc:** Daley, Terry; 'John Souto' <nysouto@gmail.com>; A. Mitchell Greene <amg@robinsonbrog.com>; Robert R. Leinwand <rrl@robinsonbrog.com>
**Subject:** RE: In re 2626 BWAY

I have been unavailable all afternoon, I just back to my office for the first time since 3:00ish when I last wrote to you. This is not the only case in my office. I am in court all morning tomorrow as well. Why don't you just do the inspection and worry about pictures later? I made no threat, I simply advised you that the lease made no provision for pictures, but rather only for the landlord to inspect.

Robert M. Sasloff, Esq.
Of Counsel

Robinson Brog Leinwand Greene Genovese & Gluck P.C.
875 Third Avenue
New York, New York  10022
Tel. No.: 212 603-6300
Direct Dial: 212-603-6329
Fax No.:212-956-2164
rms@robinsonbrog.com

The information in this electronic mail is intended for the named recipients only. It may contain privileged and confidential matter. If you have received this electronic mail in error, please notify the sender immediately by replying to this e-mail or by calling the author at (212)603-6329. Do not disclose the contents herein to anyone. Thank You.

10/27/2010

IRS CIRCULAR 230 DISCLOSURE: To ensure compliance with Treasury Department regulations, we inform you that any U.S. federal tax advice contained in this correspondence (including any attachments) is not intended or written to be used, and cannot be used for the purpose of (i) avoiding penalties that may be imposed under the U.S. Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

---

**From:** Lawrence, Andrea [mailto:ALawrence@newmarkkf.com]
**Sent:** Tuesday, October 26, 2010 5:04 PM
**To:** Robert M. Sasloff
**Cc:** Daley, Terry; 'John Souto'; A. Mitchell Greene; Robert R. Leinwand
**Subject:** RE: In re 2626 BWAY

In light of the fact that you failed to respond to the email below or return any of my telephone calls, we will be contacting the Court to request a conference regarding the Debtor's willful failure to provide access to the building, as requested. Obviously, tomorrow's inspection cannot go forward as originally planned.

Andrea J. Lawrence, Esq.
Counsel
M.Teresa Daley Law Offices, P.C.
520 Eighth Avenue, 24th Floor
New York, New York 10018
(212) 560-3943 (direct)
alawrence@newmarkkf.com

---

**From:** Lawrence, Andrea
**Sent:** Tuesday, October 26, 2010 3:28 PM
**To:** 'Robert M. Sasloff'
**Cc:** Daley, Terry; 'John Souto'; A. Mitchell Greene; Robert R. Leinwand
**Subject:** RE: In re 2626 BWAY

If your client is going to prevent our client and his engineer from taking pictures at tomorrow's inspection, as insinuated by your veiled threat, we need to contact the court. Please call me immediately so we can contact Judge Chapman. I am interested in hearing your explanation to the Court as to how the term "reasonable inspection" bars the taking of photographs. Notably, had you reviewed Article 31 of the Lease, you would see that it does not even use this term.

I further note that the landlord has no obligation to provide your client with any explanation as to why it wishes to inspect the premises, as readily evident by Article 31 of the Lease.

I will provide you, by separate email, a copy of the notification from the Water Department.

Andrea J. Lawrence, Esq.
Counsel
M.Teresa Daley Law Offices, P.C.
520 Eighth Avenue, 24th Floor
New York, New York 10018
(212) 560-3943 (direct)
alawrence@newmarkkf.com

---

**From:** Robert M. Sasloff [mailto:rms@robinsonbrog.com]
**Sent:** Tuesday, October 26, 2010 3:09 PM
**To:** Lawrence, Andrea
**Cc:** Daley, Terry; 'John Souto'; A. Mitchell Greene; Robert R. Leinwand
**Subject:** RE: In re 2626 BWAY

Something came up unexpectedly and the debtor is having trouble getting someone there at 10:00 a.m. tomorrow morning. I was just advised however that they will be able to get there by no earlier than 11:00 a.m., but that means that they can only stay till 12:30 p.m. It's the best we can do, please do not try and dictate what

terms we have to accept since we are not even certain why the landlord wants to inspect at this juncture. I am also advised that the generator is outside and does not emit noxious fumes. I was reminded that the lease says reasonable inspection, which does not include pictures, so guide yourself accordingly. I will look into the other issues in your email regarding the fire alarms.

How was the landlord contact by the water department? The debtor advised me that no one has tried to contact him with respect thereto.

Robert M. Sasloff, Esq.
Of Counsel

Robinson Brog Leinwand Greene Genovese & Gluck P.C.
875 Third Avenue
New York, New York 10022
Tel. No.: 212 603-6300
Direct Dial: 212-603-6329
Fax No.:212-956-2164
rms@robinsonbrog.com

The information in this electronic mail is intended for the named recipients only. It may contain privileged and confidential matter. If you have received this electronic mail in error, please notify the sender immediately by replying to this e-mail or by calling the author at (212)603-6329. Do not disclose the contents herein to anyone. Thank You.

IRS CIRCULAR 230 DISCLOSURE: To ensure compliance with Treasury Department regulations, we inform you that any U.S. federal tax advice contained in this correspondence (including any attachments) is not intended or written to be used, and cannot be used for the purpose of (i) avoiding penalties that may be imposed under the U.S. Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

**From:** Lawrence, Andrea [mailto:ALawrence@newmarkkf.com]
**Sent:** Tuesday, October 26, 2010 2:49 PM
**To:** Robert M. Sasloff
**Cc:** Daley, Terry; 'John Souto'; A. Mitchell Greene; Robert R. Leinwand
**Subject:** In re 2626 BWAY

I have not heard back from you regarding my email below and follow up telephone call. Please contact me as soon as possible. If we cannot come to terms on access tomorrow, we need to schedule a call with the Court by the end of the day.

Andrea J. Lawrence, Esq.
Counsel
M.Teresa Daley Law Offices, P.C.
520 Eighth Avenue, 24th Floor
New York, New York 10018
(212) 560-3943 (direct)
alawrence@newmarkkf.com

**From:** Lawrence, Andrea
**Sent:** Tuesday, October 26, 2010 12:41 PM
**To:** 'Robert M. Sasloff'
**Cc:** Daley, Terry; John Souto; A. Mitchell Greene; Robert R. Leinwand
**Subject:** RE: In re 2626 BWAY

10/27/2010

I spoke to our client regarding your request to change the inspection time from 10:00 a.m. to 12:00 p.m. tomorrow. Our client cannot change the time of the inspection, as that is the only time that the engineer is available. As you know, we requested this time by letter to you dated October 14, 2010. For your client to change the time merely twenty-four hours prior to the inspection is entirely unacceptable. Please advise your client that access must be provided tomorrow between 10:00 a.m. – 12:00 p.m.

Further, in the past, your client has prevented our client from taking pictures of the interior of the building. Please confirm, by return email, that your client will not take any actions to impede our client's ability to take pictures of the building.

Next, it is my understanding that the generator used by your client spews noxious fumes and renders the building entirely unsafe. If your client intends to rely upon this faulty generator to provide lighting in the building tomorrow, we expect that this hazardous situation will be corrected prior to the inspection.

Finally, you should note that your representation that the building does not have electricity is problematic, as this means that the fire alarm system is not functioning. The lack of a fire alarm system is a code violation and has the potential of causing significant harm to the health and safety of any visitors to the building as well as the general public. Please advise us what action, if any, your client is going to take to immediately remediate this egregious situation.

We would like to resolve this amicably; however, your client's actions are making it hard to do so. Please get back to me as soon as possible so that we can seek judicial intervention if necessary.


Andrea J. Lawrence, Esq.
Counsel
M.Teresa Daley Law Offices, P.C.
520 Eighth Avenue, 24th Floor
New York, New York 10018
(212) 560-3943 (direct)
alawrence@newmarkkf.com

---

**From:** Robert M. Sasloff [mailto:rms@robinsonbrog.com]
**Sent:** Tuesday, October 26, 2010 11:13 AM
**To:** Lawrence, Andrea
**Cc:** Daley, Terry; John Souto; A. Mitchell Greene; Robert R. Leinwand
**Subject:** RE: In re 2626 BWAY

As I said, the generator will be operational, I was just trying to say, in case anything goes wrong, be prepared. Don't jump to conclusions, I was just trying to be considerate.

As for the Water Department, did they send a notice to your client? Appreciate whatever efforts you can on getting them there in the morning.


Robert M. Sasloff, Esq.
Of Counsel

Robinson Brog Leinwand Greene Genovese & Gluck P.C.
875 Third Avenue
New York, New York  10022
Tel. No.: 212 603-6300
Direct Dial: 212-603-6329
Fax No.:212-956-2164
rms@robinsonbrog.com

The information in this electronic mail is intended for the named recipients only. It may contain privileged and confidential matter. If you have received this electronic mail in error, please notify the sender immediately by replying to this e-mail or by calling the author at (212)603-6329. Do not disclose the contents herein to anyone. Thank You.

10/27/2010

IRS CIRCULAR 230 DISCLOSURE: To ensure compliance with Treasury Department regulations, we inform you that any U.S. federal tax advice contained in this correspondence (including any attachments) is not intended or written to be used, and cannot be used for the purpose of (i) avoiding penalties that may be imposed under the U.S. Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

**From:** Lawrence, Andrea [mailto:ALawrence@newmarkkf.com]
**Sent:** Tuesday, October 26, 2010 11:11 AM
**To:** Robert M. Sasloff
**Cc:** Daley, Terry; John Souto; A. Mitchell Greene; Robert R. Leinwand
**Subject:** RE: In re 2626 BWAY

It is imperative that lighting is provided at the building so that our client can conduct the inspection, as well as for safety purposes. If your client cannot guaranty that the generator will be operational and that lighting will be provided, we will have no choice but to contact Judge Chapman. I have contacted my client regarding the change in time for the inspection, and will get back to you shortly as to whether or not he can conduct the inspection at 12:00 p.m. Please note that our client will be taking pictures of the interior of the building during the course of this inspection.

The New York City Water Department contacted our client only after its efforts to schedule an inspection through the Debtor were ignored, and advised our client that it wants to inspect the building and check and replace the water meter. Obviously, we cannot control the New York City Water Department and cannot direct it to appear between the limited hours of 9:00 a.m. – 12:00 p.m.; however, we will put in a call to see if this inspection can take place on Friday morning. Please advise your client that its failure to provide access to the New York City Water Department will result in a monetary fine.

Andrea J. Lawrence, Esq.
Counsel
M.Teresa Daley Law Offices, P.C.
520 Eighth Avenue, 24th Floor
New York, New York 10018
(212) 560-3943 (direct)
alawrence@newmarkkf.com

**From:** Robert M. Sasloff [mailto:rms@robinsonbrog.com]
**Sent:** Tuesday, October 26, 2010 10:29 AM
**To:** Lawrence, Andrea
**Cc:** Daley, Terry; John Souto; A. Mitchell Greene; Robert R. Leinwand
**Subject:** RE: In re 2626 BWAY

The Debtor will provide access tomorrow, but won't be able to open the space up until **12 noon** instead of at 10 a.m. Also, while the Debtor doesn't have electricity at the space, it does have a generator and will turn it on, but I would be prepared just in case. Since the Debtor's principle will have to pull an employee of his from another company and job to run the generator and open the space, he will only be able to stay till **1 p.m.**, but certainly no later than **1:30 p.m.**

My client has asked why you need the NYC Water Department to visit the space on Friday and why such a large window of time. Is there specific documentation for this need? There is access to water at the space. However since neither the Debtor nor Mr. Souto (or another one of his employees) have the ability to be present all day on Friday nor the capacity to run the generator that long, we suggest 9 a.m. to 12 noon. Please advise.

Robert M. Sasloff, Esq.
Of Counsel

Robinson Brog Leinwand Greene Genovese & Gluck P.C.
875 Third Avenue

10/27/2010

New York, New York  10022
Tel. No.: 212 603-6300
Direct Dial: 212-603-6329
Fax No.:212-956-2164
rms@robinsonbrog.com

The information in this electronic mail is intended for the named recipients only.  It may contain privileged and confidential matter.  If you have received this electronic mail in error, please notify the sender immediately by replying to this e-mail or by calling the author at (212)603-6329.  Do not disclose the contents herein to anyone.  Thank You.

IRS CIRCULAR 230 DISCLOSURE: To ensure compliance with Treasury Department regulations, we inform you that any U.S. federal tax advice contained in this correspondence (including any attachments) is not intended or written to be used, and cannot be used for the purpose of (i) avoiding penalties that may be imposed under the U.S. Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

---

**From:** Lawrence, Andrea [mailto:ALawrence@newmarkkf.com]
**Sent:** Monday, October 25, 2010 2:59 PM
**To:** Robert M. Sasloff
**Cc:** Daley, Terry
**Subject:** In re 2626 BWAY

I am confirming that access to the building will be provided to our client on Wednesday, October 27, 2010 (between 10 am – 2 pm) and to the New York City Water Department on Friday, October 29, 2010 (between 9 am – 5 pm).   Please confirm by return email that the building will have electricity on these dates.

Andrea J. Lawrence, Esq.
Counsel
M.Teresa Daley Law Offices, P.C.
520 Eighth Avenue, 24th Floor
New York, New York 10018
(212) 560-3943 (direct)
alawrence@newmarkkf.com

```
The information transmitted is intended only for the
person or entity to which it is addressed and may contain
confidential and/or privileged material.  Any review,
retransmission, dissemination or other use of, or taking
of any action in reliance upon, this information by
persons or entities other than the intended recipient is
prohibited.  If you received this in error, please contact
 the sender and delete the material from any computer.

The information transmitted is intended only for the
person or entity to which it is addressed and may contain
confidential and/or privileged material.  Any review,
retransmission, dissemination or other use of, or taking
of any action in reliance upon, this information by
persons or entities other than the intended recipient is
prohibited.  If you received this in error, please contact
 the sender and delete the material from any computer.

The information transmitted is intended only for the
person or entity to which it is addressed and may contain
confidential and/or privileged material.  Any review,
retransmission, dissemination or other use of, or taking
of any action in reliance upon, this information by
persons or entities other than the intended recipient is
prohibited.  If you received this in error, please contact
 the sender and delete the material from any computer.
```

10/27/2010

The information transmitted is intended only for the
person or entity to which it is addressed and may contain
confidential and/or privileged material.  Any review,
retransmission, dissemination or other use of, or taking
of any action in reliance upon, this information by
persons or entities other than the intended recipient is
prohibited.  If you received this in error, please contact
the sender and delete the material from any computer.

10/27/2010