# M. TERESA DALEY LAW OFFICES, P.C.

520 Eighth Avenue, 24th Floor
New York, New York 10018
Phone: 212-560-3943   Fax: 917-351-0983
e-mail address: alawrence@newmarkkf.com

M. Teresa Daley
---------

Andrea J. Lawrence
    Of Counsel

November 8, 2010

Via e-mail at
scc.chambers@nysb.uscourts.gov

Honorable Shelley C. Chapman
United States Bankruptcy Court
Southern District of New York
One Bowling Green – Courtroom 610
New York, New York 10004

    Re:    In re 2626 BWAY LLC
            Docket No.: 10-14731 (SCC)

Dear Judge Chapman:

      We represent Broadway Metro Associates, L.P. ("Broadway Metro"), a creditor of the Debtor as well as its landlord at the building located at 2626 Broadway, New York, New York. Broadway Metro moved to vacate the automatic stay pursuant to 11 U.S.C. 362(d)(1) and (2) as well as 11 U.S.C. 1112(b), and an evidentiary hearing will take place on Tuesday, November 9, 2010. In anticipation of this hearing, the Court has requested that Broadway Metro provide it with a brief outline as to the documentary evidence and testimony that it intends to introduce at the hearing.

      Broadway Metro intends to introduce evidence showing that cause exists to vacate the stay and that this bankruptcy filing was undertaken by the Debtor in bad faith. Specifically, Broadway Metro will offer documentary evidence and testimony from its principal, Albert Bialek, establishing (i) the lease agreement entered into between Broadway Metro and the Debtor in 2006 for the Building; (ii) the Debtor's failure to pay rent and additional rent to Broadway Metro as required by the lease; (iii) the termination of the Debtor's lease by Broadway Metro after the lower court (Bransten, J.) denied the Debtor's application for a Yellowstone injunction in June 2010; (iv) the Debtor's failure to pay post-petition use and occupancy to Broadway Metro, notwithstanding this Court's directive that the Debtor do so by November 2, 2010; and (v) the Debtor's violation of two state court orders requiring it to pay use and occupancy to Broadway Metro.

Both Mr. Bialek and Broadway Metro's counsel, Howard Segal, will offer documentary evidence and testimony as to the application of the Debtor's security deposit in the sum of $1,050,000 million as follows: (i) the transfer of $525,000 from the Debtor's security deposit in connection with the Debtor's attempt to exercise its option to purchase the Building pursuant to a Contract of Sale dated July 31, 2008; and (ii) the application of the balance of the security deposit to the rent and additional rent arrears that accrued under the lease as a result of the Debtor's failure to pay same since August 2008.

Mr. Bialek and his engineer will provide documentary evidence and testimony establishing the hazardous condition of the Building as a result of demolition and other "work" undertaken at the Building by the Debtor.

Broadway Metro has subpoenaed various individuals and entities to appear at the hearing, including the Debtor, two of the Debtor's former employees and several of its creditors to establish, among others, that: (i) the Debtor does not have any assets and cannot effectively reorganize and emerge from bankruptcy; (ii) the Debtor has manufactured and/or inflated claims against the estate; and (iii) the Debtor has filed this bankruptcy proceeding in bad faith.[1] Broadway Metro has also subpoenaed various creditors owned by the Debtor's principal, John Souto, (specifically, Souto New York, Inc., Souto New York Equities, Inc., CP30 Holdings, LLC, Royal Blue Realty Holdings and Cent Equities (the "Souto Entities")) to appear at the hearing and provide testimony as to the legitimacy of their alleged "claims" against the Debtor's estate.

Respectfully,

Andrea J. Lawrence, Esq.

cc: Robert Sasloff, Esq. (via email)
M. Teresa Daley, Esq.

---

[1] The Debtor failed to provide any documents responsive to Broadway Metro's document request served upon it on October 15, 2010, notwithstanding Debtor's counsel's representations that such documents would be forthcoming. Furthermore, it has come to our attention that the Debtor's counsel subpoenaed NFP Property & Casualty Services Inc. for the production of insurance documents pertaining to the building, and subsequently received documents responsive to this subpoena. The Debtor violated Fed.R.Civ.P. 45(b)(1) by failing to provide Broadway Metro with notice of the subpoena, knowing that Broadway Metro objected to the production of these documents on the basis of relevancy. Accordingly, Broadway Metro intends to object to the introduction of these documents at the hearing.