```
UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
In re:                                            :
                                                                    Chapter 11
        2626 BWAY LLC,                   :
                                                                    Case No. 10-14731
                                Debtor.       :

-------------------------------------------------------X
```

## ORDER GRANTING MOTION TO VACATE THE AUTOMATIC STAY AND FOR OTHER RELATED RELIEF

2626 BWAY LLC, the above-captioned debtor and debtor-in-possession (the "Debtor"), having commenced a voluntary Chapter 11 case (the "Case") on September 3, 2010, and upon the motion filed September 21, 2010 by Broadway Metro Associates L.P. ("Landlord"), the owner and landlord of the premises located at 2626 Broadway, New York, New York (the "Premises") for an Order granting relief from the automatic stay and/or alternatively dismissing Debtor's Chapter 11 Case and for other related relief (the "Motion"), and upon the Opposition of Debtor to the Motion filed on September 29, 2010, and upon Landlord's Reply to Debtor's Opposition filed on October 1, 2010, and upon Debtor's failure to comply with this Court's Order dated October 12, 2010 requiring Debtor, in compliance with Section 365(d)(3) of the Bankruptcy Code, to pay two months of post-petition use and occupancy to Landlord by November 2, 2010, and upon the Debtor's failure to pay any post-petition use and occupancy to Landlord, and upon the Court having commenced a hearing to consider the Motion on November 9, 2010, and upon due deliberation and for good cause appearing therefore, it is  hereby

ORDERED as follows:

1

1. The Motion is granted to the extent that, effective immediately, the automatic stay is hereby lifted and vacated forthwith, and Landlord is free to take any and all steps or acts necessary to recover possession of the Premises from Debtor, including, but not limited to, causing the Clerk of the Civil Court of the City of New York, County of New York, to issue a warrant of eviction in the summary proceeding entitled *Broadway Metro Associates, L.P. v. 2626 BWAY LLC*, Index No. 074440/2010, and permitting a New York City Marshal to execute upon such warrant of eviction and evict and remove Debtor from the Premises forthwith and deliver possession of the Premises to Landlord.

2. Landlord, its agents, servants and/or employees, at Landlord's option, shall have immediate and unlimited access to the Premises for any lawful purpose, including, but not limited to, performing or causing to be performed repairs and/or alterations and other actions undertaken to preserve and maintain the safety and structural integrity of the Premises, including, without limitation, installing electrical services and a fire protection system in the Premises. Debtor shall not object to or interfere with Landlord, its agent, servants and/or employees in connection with the effectuation of these repairs and actions or in any way impede Landlord's access to the Premises. Debtor shall deliver a set of the keys to the Premises to Landlord's counsel's office (Attn: M. Teresa Daley, Esq., 520 8th Avenue, 24th Floor, New York, New York) by no later than two (2) business days after entry of this Order on the docket for delivery to

Landlord for Landlord's use in conjunction with the provisions contained herein.

3. Landlord shall hold Debtor harmless from any claims, lawsuits or causes of action brought by any third parties against Debtor arising out of any repairs, alterations or other actions undertaken by Landlord, its agents, servants and/or employees in connection with paragraph 2 above.

4. Debtor shall not sublease or assign the Premises, and shall not permit any other persons or entities to enter into occupancy of the Premises without the consent of Landlord or further order of this Court. Debtor shall immediately cease and desist from making any representations that it owns the Premises and from taking any actions to market the Premises for sale or for lease, and shall cause the removal of any signs located on the building advertising the sale or lease of the Premises forthwith.

5. The parties may submit briefs to this Court on the issue of whether or not this Court has the power or authority to order Debtor to immediately surrender possession of the Premises to Landlord by delivery to Landlord of the keys to the Premises as a result of Debtor's failure to pay post-petition use and occupancy to Landlord. Landlord may file its brief with the Court on or before 5:00 p.m. on November 12, 2010, and Debtor may file its reply brief with the Court on or before 5:00 p.m. on November 19, 2010.

6. That portion of Landlord's motion seeking the dismissal of Debtor's Petition on the basis it is a bad faith filing and for related relief is hereby

adjourned without date for a continued hearing. The Court reserves its right to determine any further consequences resulting from Debtor's failure to comply with this Court's Order dated October 12, 2010 requiring Debtor to pay two months of post-petition use and occupancy to Landlord by November 2, 2010.

7. Landlord's time to answer or move with respect to the adversary proceeding entitled *2626 BWAY LLC v. Broadway Metro Associates L.P. et al.*, Adversary Proceeding No.: 10-04086 (SCC) is hereby extended through to December 10, 2010.

8. The automatic stay imposed by § 362(a) of the Bankruptcy Code is also modified to permit the Debtor and the Landlord to continue on an expedited basis to perfect the state court appeals: (1) filed on September 2, 2010 to the Appellate Term, First Department from the Judgment of the Civil Court, New York County, entered on August 25, 2010 captioned "Broadway Metro Associates, L.P., Petitioner, against 2626 BWAY LLC, Respondent", Index No. L&T 74440/10, as well as the appeal filed on September 2, 2010 to the Appellate Term, First Department, from the Order of the Civil Court, New York County, entered on August 24, 2010, in the same case (collectively, the "Holdover Appeals"); (2) filed on August 26, 2010 to the Appellate Division, First Department from the Order of the Supreme Court, New York County, entered on June 23, 2010, captioned "2626 BWAY LLC, Plaintiff against Broadway Metro Associates, L.P., Defendant", Index No. 105635110 (the "Yellowstone

Appeal"); and (3) filed on or about February 11, 2010 to the Appellate Division, First Department, from the Order/decision of the Supreme Court of the State of New York, entered on January 22, 2010, captioned "2626 BWAY LLC, Plaintiff against Broadway Metro Associates, L.P., Howard W. Segal, P.C. and Howard W. Segal, Esq., Defendant", Index No. 106287/09 (the "Contract Appeal", and collectively with the Holdover Appeals and the Yellowstone Appeal, hereinafter referred to as the "State Court Appeals"); and (4) any appeal that will be filed from the Decision/Order of the Supreme Court of the State of New York entered on September 13, 2010, captioned "Broadway Metro Associates, L.P., Plaintiff, against 2626 BWAY LLC, Defendant", Index No. 650426/2009; and with respect to subparagraphs (1) through (4) herein, Landlord shall be entitled to take any and all steps and actions to oppose and defend such appeals.

9. The requisite continued fourteen (14) day stay under F.R.B.P. 4001(a)(3) of enforcement of this Order is hereby waived, and Landlord is hereby entitled to proceed forthwith before the Civil Court of the City of New York, County of New York, consistent with the provisions of this Order.

10. Any requirement to provide notice of this Order to the other creditors is hereby waived.

11. This Order is effective upon entry thereof.

November 12, 2010    /S/ Shelley C. Chapman
                     HONORABLE SHELLEY C. CHAPMAN
                     UNITED STATES BANKRUPTCY JUDGE